Opinion issued August
11, 2011.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-10-00530-CR

———————————

JULIUS
EDWARD MAPP, Appellant

V.

The State of Texas, Appellee 



 



On Appeal from the
351st District Court

Harris County, Texas



                                                                           Trial Court Case No. 1187376          



 

MEMORANDUM
OPINION

 

          Julius
Edward Mapp pled guilty to burglary of a habitation. The trial court deferred
adjudication and placed Mapp on community supervision for four years. See Tex.
Penal Code Ann. §§ 30.02(a)(1), (c)(2) (West 2011). The
State subsequently moved for adjudication, alleging that Mapp had violated the
conditions of his community supervision. After a hearing, the trial court found
that Mapp had violated the conditions of his community supervision, convicted
him of burglary of a habitation, and sentenced him to twenty years’
confinement.  Mapp’s court-appointed
counsel has filed a motion to withdraw and an Anders brief in which he states that no valid grounds for appeal
exist and that any appeal would be frivolous. 
See Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Mapp has not filed a pro se response. We have reviewed the record in its
entirety and, having found no reversible error or grounds for appeal, we grant
counsel’s motion to withdraw and affirm the judgment of the trial court. 

Background

          In October 2008, the State charged Mapp by indictment with
burglary of a habitation. The trial court appointed counsel to represent Mapp
upon his request. Mapp pled guilty. His guilty plea was signed by Mapp, his
counsel, and counsel for the State, and it was approved by the court. The court
ordered deferred adjudication and placed Mapp under community supervision for a
four-year term. The conditions of
supervision included outpatient drug and alcohol counseling, monthly visits to
a community supervision officer, participation in an anti-theft program, payment
of certain fees, and one hundred hours of community service. 

          In August 2009, the State moved to
adjudicate, alleging that Mapp had violated most of the conditions of his
community supervision, including numerous failures to report and to pay fees, failure
to participate in the community service program, failure to participate in the
anti-shoplifting program, and failure to participate in outpatient treatment.
The State later amended its motion to allege that Mapp had committed a new
offense of aggravated robbery, but the State dropped this allegation before the
hearing on the motion to adjudicate. At the hearing, Mapp pled “true” to all of
the State’s alleged violations except failure to pay for an offender
identification card. The State then abandoned the allegation concerning the
identification card fee. The trial court found Mapp violated the ten conditions
alleged by the State to which he pled “true” and revoked his community
supervision. The court found Mapp guilty of burglary of a habitation and
sentenced him to twenty years’ confinement. The trial court certified Mapp’s
right to appeal, and he timely filed his notice of appeal.

Discussion

          The brief submitted by Mapp’s court-appointed counsel
states his professional opinion that there are no arguable grounds for reversal
on appeal and that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal.  See id.;
Gainous v. State, 436 S.W.2d 137, 137–38
(Tex. (Tex. Crim. App. 1969); In re
Schulman, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 2008). Counsel sent Mapp
a letter explaining his conclusion that there were no grounds for appeal and
what would happen if the court of appeals granted his withdrawal from the case.
He attached a copy of the Anders brief,
the motion to withdraw, the court reporter’s record, and the clerk’s file. This
Court also sent Mapp a letter explaining the process for Anders briefs and informing him of his right to a copy of the
appellate record and to file a response. Mapp has not filed a response.

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. 
Anders, 386 U.S. at 744, 87 S.
Ct. at 1400; Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).  An
arguable ground for appeal is a ground that is not frivolous; it must be an
argument that could “conceivably 
persuade the court.”  In re
Schulman, 252 S.W.3d at 407 n.12 (quoting McCoy v. Ct. of App. of Wisc.,
Dist. I, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders brief.  See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 

Thus, our role in this Anders appeal, which includes
reviewing the entire record, is limited to determining whether arguable grounds
for appeal exist. See id. at 827. If we determine that arguable grounds
for appeal exist, we do not rule on the merits; we abate the appeal and remand
to the trial court for appointment of new appellate counsel. See id. If
our independent review of the record leads us to conclude that the appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we explain that we have reviewed the record and find no
reversible error. Id. at 826–28. Mapp may challenge our holding that
there are no arguable grounds for appeal by petitioning for discretionary
review in the Court of Criminal Appeals. Id. at 827 & n.6.

Conclusion

          In accordance with Anders
and Bledsoe, we have reviewed the
record and the Anders brief from
Mapp’s appointed counsel. We conclude that there are no arguable grounds for
reversal on appeal. We therefore affirm the judgment of the trial court and
grant appointed counsel’s motion to withdraw.[1]


 

                                                                   Harvey
Brown

                                                                   Justice

 

Panel consists of Chief Justice Radack and Justices Sharp
and Brown.

Do
not publish.  Tex. R. App. P. 47.4.

 











[1]           Appointed counsel still has a
duty to inform Mapp of the result of this appeal and 

that he
may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim.
App. 2005); Ex parte Wilson, 956
S.W.2d 25, 26–27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no
pet.).